UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

ALLAN D. STONE,

                                        Plaintiff,

v.                                                            Case # 6:22-CV-06548-FPG

                                                                       DECISION AND ORDER

LENOVO (UNITED STATES), INC., et al.

                                      Defendants.
───────────────────────────────────────────

## INTRODUCTION

Plaintiff Allan D. Stone, proceeding *pro se*, brings this employment discrimination action against Defendants Lenovo (United States), Inc., Lenovo Group Limited, and Lenovo Global Technology (United States) Inc. ECF No. 43. Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL") when they terminated his employment because of his religious beliefs regarding Defendants' COVID-19 vaccination requirement. *Id*. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

Defendants have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 22-24. Plaintiff responded, ECF No. 31, and Defendants replied, ECF No. 38. For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND

The following facts are drawn from Plaintiff's "Fourth Amended Complaint," ECF No. 43.[1] Plaintiff was hired by Defendants on July 15, 2019 to work remotely from his home in

---

[1] Plaintiff's "Fourth Amended Complaint" is actually the third amended complaint, and does not materially differ from Plaintiff's second amended complaint, except only for its addition of Lenovo Global Technology (United States) Inc.

Rochester, New York as a "World Wide Global SAP Solution Product Manager." *Id*. at 5, 8. In November 2022, "Lenovo implemented a US only COVID-19 vaccination policy that only allowed religious belief exemption 'if they [sic] believe they cannot be vaccinated.'" *Id*. Lenovo created an "online 'vaccine registration site' to insure [sic] compliance by either upload proof of vaccination or declare NOT fully vaccinated and fill out a Declaration of Religious Objection form." *Id*. The Lenovo "Religious Objection form" stated "'In order to qualify for a religious exemption from Lenovo's … vaccination policy, please describe below … how these beliefs are contrary to receiving a vaccination[.]'" *Id*. Plaintiff "voluntarily received his vaccination in March 2021[,]" and he claims that this meant he "could not meet allowed exemptions […] above." ECF No. 43 at 5. Plaintiff then emailed "HR and execs on January 4, 2022 detail[ing] religious beliefs and reasons [he] could not comply." *Id*. On January 5, 2022, Lenovo terminated Plaintiff's employment for noncompliance with its vaccination policy and failure to submit the objection form. *Id*.

On March 10, 2022, Plaintiff filed a charge with the Equal Employment Opportunity Commission and received his right-to-sue letter on October 3, 2022. *Id*. at 3-5. In his "Fourth Amended Complaint," Plaintiff alleges *inter alia* that Defendants failed to provide him with reasonable accommodations, failed to accept his emailed religious objections to the vaccination

---

as a proper Defendant in this action. *See* ECF No. 43 at 1. Defendants timely answered Plaintiff's second amended complaint and brought the present motion for judgment on the pleadings against the second amended complaint. *See* ECF Nos. 21-22. Defendants have requested, in an unopposed letter dated June 21, 2023, that the motion for judgment on the pleadings be construed as brought against Plaintiff's "Fourth Amended Complaint[,]" because that complaint includes no "substantive changes" from the prior complaint. ECF No. 46. Because the second amended complaint and "Fourth Amended Complaint" do not materially differ except with respect to the addition of Lenovo Global Technology (United States) Inc. as a Defendant, Defendants' request is granted and the "Fourth Amended Complaint" is treated as the operative complaint.

policy, and terminated his employment on the basis of religion in violation of Title VII and the NYSHRL.[2] *Id*. at 4-5.

## LEGAL STANDARD

Courts review Rule 12(c) motions under the same standard as Rule 12(b)(6) motions to dismiss. *See Bank of New York v. First Millennium, Inc*., 607 F.3d 906, 922 (2d Cir. 2010). "To survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Hayden v. Peterson*, 594 F.3d 150, 160 (2d Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exxon Corp*., 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "'Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

When deciding a motion under Rule 12(b)(6), a court ordinarily may not rely on matters outside the pleadings unless the court treats the motion as one for summary judgment under Rule 56 and gives the parties a reasonable opportunity to present relevant evidence. Fed. R. Civ. P. 12(d). However, as the Second Circuit explained in *Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002):

---

[2] This factual background is intended as a summary only and does not necessarily include all allegations material to Plaintiff's claims. Additional details are provided, as needed, *infra* Sections A and B.

3

> For purposes of this rule, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)); *see* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Int'l Audiotext*, 62 F.3d at 72.

*Id*. at 152-53 (2d Cir. 2002). With respect to documents that are deemed "integral" to the complaint, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document" and that "there exist no material disputed issues of fact regarding the relevance of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). Furthermore, "where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Chambers*, 282 F.3d at 153 (quoting *Cortec*, 949 F.2d at 48) (internal quotations omitted).

Here, Defendants have attached a series of emails as exhibits to an affidavit that was filed in support of their motion for judgment on the pleadings. ECF No. 27. Defendants' motion is replete with quotes from and references to the exhibits. *See* ECF No. 22 at 6-14. Plaintiff does not contest the authenticity, accuracy, or relevance of these documents in his response brief, which likewise quotes extensively from the exhibits. *See generally* ECF No. 31. Plaintiff's claims against Defendants are for religious discrimination related to Defendants' COVID-19 vaccination policy and their plausibility will depend largely upon the content of the parties' email communications, which appears to identify with greater specificity the nature of Plaintiff's religious beliefs. The relevant exhibits, ECF Nos. 27 and 31, are therefore considered incorporated

4

by reference and integral to Plaintiff's "Fourth Amended Complaint," and the Court will consider these documents within the context of the present motion. *Chambers*, 282 F.3d at 153.

## DISCUSSION

Plaintiff argues that Defendants discriminated against him on the basis of religion in violation of Title VII and the NYSHRL. ECF No. 48 at 4-5. Defendants contend that Plaintiff fails to plausibly allege that he held a bona fide religious belief conflicting with their COVID-19 vaccination policy and that, even if he did, Plaintiff did not inform Defendants of such a belief.[3] ECF No. 22 at 11, 13. In addition, Defendants argue that Defendant Lenovo (United States), Inc. should be dismissed from this action because Plaintiff fails to allege that the entity was his employer under Title VII. ECF No. 23 at 11. For the reasons below, the Court agrees that Plaintiff fails to plausibly allege that his religious belief conflicted with Defendants' policy and that Defendant Lenovo (United States), Inc. was his employer under Title VII. Accordingly, Plaintiff's claims are dismissed.

"Title VII prohibits an employer from discriminating against any individual because of such individual's religion." *Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc.*, No. 22-CV-10643, 2023 WL 3628151, at *3 (S.D.N.Y. May 5, 2023) (internal quotation marks and ellipses omitted). "The word 'religion' is defined to include all aspects of religious observance and practice, as well as belief." *Id*. (internal quotation marks, ellipsis, and brackets omitted). Under Title VII, a plaintiff

---

[3] Defendants also contend that Plaintiff's amended complaint fails to plausibly allege that Defendant Lenovo Group Limited is a proper party to this lawsuit because it is "a foreign holding company that does not do any business nor does it have a registered agent in the United States." ECF No. 23 at 5. Because Plaintiff's complaint, even when "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), presents no allegations from which the Court may discern this entity's alleged liability and its involvement in the present dispute, *see* ECF No. 43 at 2 (naming defendant), and Plaintiff does not oppose Defendants' argument for this entity's dismissal in his response brief, the Court concludes that Defendant Lenovo Group Limited should be dismissed from this action. This conclusion is bolstered by the failure of Plaintiff's amended complaint to plausibly allege that this entity was Plaintiff's "employer" under Title VII, as measured against the standards articulated *infra* Section A.

must specifically allege "the existence of an employer-employee relationship." *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006).  On a motion to dismiss, "a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).  To make out a "prima facie case of religious discrimination" and "give rise to an inference of religious discrimination," a plaintiff must "plausibly allege that (1) [he] held a bona fide religious belief conflicting with an employment requirement; (2) [he] informed [his] employer of this belief; and (3) [he] was disciplined for failing to comply with the conflicting employment requirement." *Patel v. NYU Langone Hosps.*, No. 20-112, 2021 WL 4852426, at *2 (2d Cir. Oct. 19, 2021).  Once a prima facie case is established by the employee, the employer "must offer [him] a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002).  NYSHRL claims are analyzed under the same framework as Title VII claims.  *See LeGrand v. Walmart Stores East, LP*, 779 F. App'x 779, 782 (2d Cir. 2019) (summary order); *Long v. Corning Inc.*, No. 19-CV-6422-FPG, 2020 WL 1467278, at *4 (W.D.N.Y. Mar. 26, 2020).

### A. Employee-Employer Relationship

At the outset, the Court must address whether Defendant Lenovo (United States), Inc. ("Lenovo US") is a proper party to this action.  Defendants argue that Plaintiff does not present facts plausibly alleging that an "employer-employee relationship" existed with respect to this entity in his amended complaint, as is required.  ECF No. 23 at 11, n. 6 ("Lenovo US never employed Plaintiff" and the "existence of an employer-employee relationship is a primary element

of Title VII claims" (quoting *Gulino*, 460 F. 3d at 370)).  The status of Defendant Lenovo Global Technology (United States) Inc. ("Lenovo GT") as Plaintiff's employer is not in dispute.  *Id*.

Plaintiff contends in his response that "[d]iscovery is needed to see if Plaintiff had any working relationship with Lenovo US" and that he believes "Lenovo US created the POLICY [sic] in question that Lenovo GT was following."  ECF No. 31 at 19, n. 9.  In his amended complaint, Plaintiff does not differentiate between Lenovo US and Lenovo GT when describing the factual allegations underlying his claims, but does reference a "US only COVID-19 [policy]."  ECF No. 43 at 5.  Plaintiff names Lenovo US as one of his employers in his amended complaint, ECF No. 43 at 2, but does not describe the nature of the relationship, in a manner distinct from Lenovo GT.  Even accepting as true Plaintiff's allegation that Lenovo US created the vaccination policy at issue, the Court finds that these allegations, without more, are insufficient to pass muster under the Second Circuit's pleading requirements as to whether an "employment relationship" existed between Lenovo US and Plaintiff, even when liberally construed.  *See Lee v. Yang*, No. 21 CIV. 7934 (LGS), 2023 WL 419193, at *2-3 (S.D.N.Y. Jan. 26, 2023) (discussing "hiring" and "remuneration" two-part test for determining employer-employee relationship under Title VII at the motion to dismiss phase); *see also Girard v. Int'l Ass'n of Approved Basketball Officials, Inc.*, 840 F. App'x 635, 638 (2d Cir. 2021) (summary order) (same).  Plaintiff's assertion that "[d]iscovery is needed" to determine if such a relationship existed is unpersuasive, provided the relatively permissive standard for determining facial plausibility at this stage of litigation.

In addition, the Court notes that Plaintiff has amended his complaint three times, and the allegations remain deficient in this respect.  *See Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013) ("[a] pro se complaint 'should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a

7

valid claim might be stated.") (internal quotation marks omitted). Despite the "special solicitude" courts provide plaintiffs proceeding *pro se* when evaluating the sufficiency of a complaint, the Court concludes that Plaintiff's allegations are too sparse and speculative to proceed against this Defendant. *Fuller v. Annucci*, No. 17-CV-6255-FPG, 2019 WL 2140613, at *1 (W.D.N.Y. May 16, 2019) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). Accordingly, the Court finds that Defendant Lenovo (United States), Inc. should be dismissed from this action, and proceeds to the merits of Plaintiff's claims.

### B. Religious Discrimination

As stated, Defendants argue that Plaintiff has not plausibly alleged that he held a bona fide religious belief conflicting with their COVID-19 vaccination policy and that, even if he did hold such a belief, he did not inform Defendants of it. ECF No. 23 at 11, 13. Because Plaintiff's religious beliefs did not conflict with Defendants' policy, the Court agrees that his claims must be dismissed. The Court begins by summarizing the events preceding Plaintiff's termination and the relevant email communications between the parties, which include Plaintiff's specific religious objections to Defendants' policy.

In November 2021, Defendants adopted a mandatory vaccination policy requiring all employees to either submit proof of vaccination or claim a religious exemption by January 4, 2022. ECF No. 27-2. Noncompliance with the policy would result in an employee's termination on January 5, 2022. *Id*. The policy provided instructions on how employees may submit proof of vaccination or seek a religious exemption using an online form. *Id*. The form requested that employees "please describe [] (1) your religious beliefs and (2) how these beliefs are contrary receiving [sic] a vaccination[,]" to qualify for a religious exemption. ECF No. 33-1 at 2.

8

Throughout December, Plaintiff exchanged emails with Defendants in which he expressed concerns about the policy and asked clarifying questions about it. *See* ECF No. 27-5 at 1-6.

On January 4, 2022, at 7:23 a.m., Plaintiff emailed Defendants stating: "I am unable to comply with the new US COVID-19 Vaccine Policy as written today. I have no personal medical or religious objection to the Vaccine so can not ask for an exemption. I can not upload proof of vaccination for religious […] reasons as stated below. I can not in clear conscience accept a corporate attempt to coerce action that may be against the medical needs or human rights of fellow employees." ECF No. 27-8 at 5. Plaintiff stated his belief that "[w]e should not allow any entity […] to coerce a vaccination or to go against a sincerely held decision of conscience [and to] comply would be a scandal in a Catholic[.]" *Id*. Plaintiff detailed his objections to Defendants' policy as follows: "As a free American and devout Catholic I need to protest any attack on the human dignity of my Lenovo peers' ability to feed their families and control their medical freedom and religious rights. This is supported by the Vatican document Congregation for the Doctrine of the Faith 'Note on the mortality of using some anti-Covid-19 vaccines' dated December 21, 2020 item 5 that vaccination must be voluntary." *Id*. Plaintiff asserted his belief that "[t]he right to follow your conscience is part of the Catechism of the Catholic Church[.]" *Id*.

At 9:08 a.m., Defendants emailed Plaintiff stating, among other things, that Lenovo "will not be modifying the US COVID-19 Vaccination Policy nor will we delay the deadline for noncompliance. If you would like to request a religious accommodation for this policy, please (a) indicate as such on the Vaccine Registration site […] and (b) fill out the attached form. Once you have completed the form you can email it directly to […] (no need to copy others because the responses on the form are confidential). The deadline to comply is today. Employees who fail to follow this process will be separated from Lenovo on January 5." *Id*. at 4.

At 10:43 a.m., Plaintiff responded to Defendants' email, quoting the form which stated "'[please] describe below (1) your religious beliefs and (2) how these beliefs are contrary receiving [sic] a vaccination.'" *Id*.; *see* ECF No. 33-1 at 2 (form requesting employee to describe how religious beliefs are "contrary [to] receiving a vaccination"). Plaintiff then stated "I already supplied TheVatican [sic] documents and links that clearly state my beliefs and they do not contradict me receiving the vaccination. They apply to the Lenovo coercion to force vaccination of me and my peers by holdings our job's [sic] ransom […] As the Lenovo form does not allow for broader religious objection to the mandate itself, your course of action does not apply to my case. Any further questions let me know. I understand the consequences." *Id*.

At 11:52 a.m., Defendants responded to Plaintiff's email with screenshots of the vaccine registration site and instructions detailing the process for submitting an objection, indicating that "[i]f you would like to seek a religious accommodation, you need to complete 2 tasks: 1. Indicate on […] that you are seeking an accommodation (steps provided below); and 2. Complete the attached form. Given that you have provided the information already about the religious objections, you can state in the Description field of the attached form 'see documents related to religious objections' that is sufficient for that field. We will however need you to 'sign' the form on the last page by including your employee name and ID no. You will also need to submit on the Registration Site that you are seeking a religious accommodation." *Id*. at 2. No further email communications are alleged following Defendants' 11:52 a.m. email.

Based in part on the above exchange, Defendants argue that Plaintiff's admission that he has no "personal […] religious objection" to being vaccinated demonstrates that he held no religious beliefs in conflict with their policy, and his broader criticisms of the vaccine policy were mere expressions of his political or social beliefs. ECF No. 22 at 11-13. This argument misstates

10

the gravamen of Plaintiff's claims. Plaintiff's claims do not rely upon his personal belief regarding the propriety of being vaccinated, but rather his "religious belief" that one must "follow your conscience" and protest coercive attempts to violate human dignity, such as Defendants' policy, as alleged. ECF No. 31 at 20-24. Plaintiff argues that he was precluded from asserting this religious objection because the administrative procedures Defendants provided—specifically, the online form—did not permit him to request a religious exemption in the precise manner he wished. *Id*.

In his complaint and briefing, Plaintiff appears to rely on both his broad objection to Defendants' policy and his narrow objection to the means by which he was required to request a religious exemption as a basis for his claims. In keeping with the Court's duty to afford "special solicitude" to *pro se* plaintiffs and construe *pro se* submissions to "raise the strongest claims [they] could suggest," the Court addresses each basis, though they are intermingled. *Fuller*, 2019 WL 2140613, at *1. The fundamental issue is that Plaintiff's beliefs do not conflict with Defendants' policy, which explicitly provides for religious exemptions, and his quarrel with Defendants' administrative processes for requesting an exemption does not amount to a conflict with Defendants' policy. And, even if it did, Plaintiff does not plausibly allege that the processes Defendants employed were insufficient to accept his objection.

First, as a general matter, Plaintiff appears at times to argue that his beliefs with respect to the propriety of a mandatory vaccination policy conflict with Defendants' policy because the policy's contemplation of termination as a consequence for noncompliance is "coercive," in violation of Catholic doctrine. ECF No. 31 at 20-24. As Plaintiff appears to allege, Defendants' mandatory COVID-19 vaccination requirement was a "draconian" "corporate intrusion" that violated notions of human dignity central to Catholic faith because it threatened termination of

11

employment. ECF No. 27-8 at 5. While the Court does not doubt that Plaintiff's beliefs with respect to Defendants' vaccination policy are sincere, nor that such beliefs are rooted in Plaintiff's religious faith, his belief that Defendants' penalty for noncompliance amounts to "coercion" does not conflict with Defendants' policy because the policy explicitly provided exemptions for employees who may disagree with mandatory vaccination for religious reasons. ECF No. 31 at 20-24. That is, Plaintiff's broad, generalized beliefs with respect to mandatory vaccination policies do not plausibly conflict with Defendants' vaccination policy because the policy expressly provided alternatives to employees who do not wish to be vaccinated because of a religious objection, and the policy provided a means of raising such objections.

Second, Plaintiff does not plausibly allege that his objection to Defendants' administrative processes for requesting an exemption amounted to a conflict with Defendants' policy, nor that the procedure Defendants provided was insufficient to accept his objection. In his January 4, 2022, 7:23 a.m. email, Plaintiff stated that because he had "no personal medical or religious objection to the Vaccine" he could "not ask for an exemption." ECF No. 27-8 at 5. Defendants responded, instructing Plaintiff to complete the online form for requesting an exemption. *Id*. Plaintiff then stated that the form's request that he describe "how [his] beliefs are contrary receiving [sic] a vaccination" meant that the form "[did] not allow for broader religious objection to the mandate itself." *Id*.; *see* ECF No. 33-1 at 2 (form requesting employee to describe how religious beliefs are "contrary [to] receiving a vaccination). Defendants then indicated that "[i]f [Plaintiff] would like to seek a religious accommodation," Plaintiff could complete the form and would be permitted to reference his prior email communications outlining his religious objections to the vaccination policy, rather than including the objections in the description section of the form. *Id*. at 2.

Even accepting Plaintiff's allegation that the online form instructed Plaintiff to describe how his beliefs are contrary to receiving a vaccine in order to claim an exemption, the Court is not convinced that the language included in the relevant form plausibly establishes that Defendants' vaccination policy was in conflict with Plaintiff's religious beliefs. To avoid noncompliance with Defendants' policy, Plaintiff presents no plausible allegations that he was precluded from stating that his religious objections swept more broadly than a personal objection to receiving a vaccine, which he had received, *see* ECF No. 43 at 5 ("Plaintiff voluntarily received his vaccination in March 2021")[4], within his religious exemption request. That the form Defendants provided for claiming an exemption was not precisely terminologically tailored to his specific situation is inapposite to the Court's determination of whether Defendants' policy conflicted with Plaintiff's religious objections. Moreover, the parties' email communications do not plausibly allege that that the procedure Defendants provided was insufficient to accept his objections, even if the form appeared to limit the scope of exemptions. After Plaintiff expressed his concerns with the procedure, on January 4, 2022, Defendants indicated that "to seek a religious accommodation," Plaintiff need only complete the form and reference his prior email outlining his religious objections to the policy to avoid noncompliance. ECF No. 27-8 at 2. Plaintiff did not do so, nor does he plausibly allege that Defendants prohibited him from doing so. In sum, because Plaintiff presents no plausible allegations that his bona fide religious beliefs conflicted with Defendants' vaccination policy, nor that their procedure for processing religious exemptions was insufficient,

---

[4] Plaintiff declined to upload proof of his vaccination due to his broader objections to the policy. *See id.*; *see also* ECF No. 27-8 at 5 ("I can not upload proof of vaccination for religious […] reasons").

Plaintiff's Title VII and NYSHRL claims must be dismissed for failure to satisfy the first element of a prima facie case for religious discrimination.[5]

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings, ECF Nos. 22-23, GRANTED.  The Clerk of Court is directed to (i) terminate Defendants Lenovo Group Limited and Lenovo (United States), Inc. from this action, (ii) amend the case caption accordingly, and then (iii) enter judgment for Defendant Lenovo Global Technology (United States, Inc.) and close this case.

IT IS SO ORDERED.

Dated: January 31, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[5] Even if Plaintiff plausibly alleged a prima facie case, he does not plausibly allege Defendants' failure to "reasonably accommodate" him after they were notified of his objection to the form. *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) ("[T]o avoid Title VII liability, the employer need not offer the accommodation the employee prefers […] [rather] [i]n formulating [a reasonable] accommodation, both the employer and employee should remain flexible, with an eye toward achieving a mutually acceptable adjustment."). Defendants' ostensible adjustment of its procedure for processing exemptions, as articulated in its 11:52 a.m. January 4, 2022 email, was eminently reasonable.  As alleged, Plaintiff appears to have requested a wholesale revision of the relevant form and policy on the last day that religious exemptions would be processed.  *See* ECF No. 27-8 at 5 (emailing at 7:23 a.m. on January 4, 2022: "I highly suggest Lenovo […] pause and update this policy before irrevocable damage is done […]").  Plaintiff did not request an extension of time to file an accommodation request, but rather an update and pause to the entire policy.  This request was not reasonable, and Plaintiff does not allege facts that plausibly justify his delay in bringing the request.